673 A.2d 798

ALEJANDRA ICABALZETA, TO BE APPOINTED GENERAL AD-
MINISTRATRIX OF THE ESTATE OF FEDERICO ICABALZE-
TA AND ALEJANDRA ICABALZETA, AS ADMINISTRATRIX
AD PROSEQUENDUM OF THE ESTATE OF FEDERICO ICA-
BALZETA AND REINA ISABEL LOAISAGA, PLAINTIFFS–RE-
SPONDENTS AND CROSS–APPELLANTS, v. SEA–LAND SER-
VICES, INC., A CORPORATION DOING BUSINESS IN THE
STATE OF NEW JERSEY, DEFENDANT–APPELLANT AND
CROSS–RESPONDENT, AND COASTWIDE MARINE & SHIP
SERVICES, INC. (FOR DISCOVERY PURPOSES ONLY), A COR-
PORATION DOING BUSINESS IN THE STATE OF NEW JER-
SEY AND JOHN DOE AND ABC CORP. (NAMES BEING FICTI-
TIOUS, CURRENTLY UNIDENTIFIED OWNERS, OPERATORS
AND MAINTAINERS OF A VESSEL AND ITS APPURTE-
NANCES) AND THE M/V COMMITMENT, HER ENGINES,
BOILERS AND APPURTENANCES, DEFENDANTS.

Argued November 6, 1995—Decided March 25, 1996.

522

*James W. Bartlett, III,* a member of the Maryland bar, argued the cause for appellant and cross-respondent (*Wilson, Elser, Moskowitz, Edelman & Dicker,* attorneys; *William J. Riina,* of counsel; *Mr. Bartlett* and *Mr. Riina,* on the brief).

*Richard M. Winograd* argued the cause for respondents and cross-appellants (*Ginarte, O'Dwyer, Winograd & Laracuente,* attorneys; *Mr. Winograd* and *Diego F. Navas,* on the brief).

PER CURIAM.

We affirm the judgment of the Appellate Division substantially for the reasons stated in its reported opinion, 276 *N.J.Super.* 509, 648 *A.*2d 279 (1994). We agree that the case presents a triable issue of fact on whether the claimed defect in the vessel was obvious and whether the vessel violated its turnover duty of safety. At the remand trial the court shall instruct the jury consistent with the Supreme Court's most recent pronouncement on the general nature of a vessel owner's turnover duty of safety and duty to warn of latent defects. *Howlett v.*

*Birkdale Shipping Co., S.A.,* —— *U.S.* ——, 114 *S.Ct.* 2057, 129 *L.Ed.*2d 78 (1994). A vessel's "turnover duty" is the duty to

exercise ordinary care under the circumstances to turn over the ship and its equipment and appliances in such condition that an expert and experienced stevedoring contractor, mindful of the dangers he should expect to encounter, arising from the hazards of the ship's service or otherwise, will be able by the exercise of ordinary care to carry on cargo operations with reasonable safety to persons and property.

> [*Id.* at ——, 114 *S.Ct.* at 2063, 129 *L.Ed.*2d at 87 (1994) (internal quotation omitted).]

One component of this turnover duty is the duty

to warn the stevedore of any hazards ... [which] are known to the vessel or should be known to it in the exercise of reasonable care, and would likely be encountered by the stevedore in the course of his cargo operations[,] are not known by the stevedore[,] and would not be obvious to or anticipated by him if reasonably competent in the performance of his work.

> [*Ibid.* (internal quotation omitted).]

■ We are aware that in *Howlett* the Supreme Court determined that a vessel has no duty to inspect for or to warn of latent hazards in the cargo stow that it would not otherwise gain knowledge of through the exercise of due care. *Id.* at——, 114 *S.Ct.* at 2067, 129 *L.Ed.*2d at 91–92. That rule was extended to obvious hazards in the cargo stow when the Court vacated the Ninth Circuit's opinion in *Riggs v. Scindia Steam Navigation Co.,* 8 *F.*3d 1442 (9th Cir.1993), and remanded that case in light of *Howlett. Scindia Steam Navigation Co. v. Riggs,* —— *U.S.* ——, 114 *S.Ct.* 2701, 129 *L.Ed.*2d 830 (1994). Thus *Howlett* provides a significant narrowing of vessel liability.

■ However, the Supreme Court noted that, because of the vessel's relative lack of opportunity to inspect or control the cargo stow, "[f]or the purposes of delineating the scope of a shipowner's turnover duty, [ ] the cargo stow is separate and distinct from other aspects of the ship." *Howlett, supra,* —— *U.S.* at ——, 114 *S.Ct.* at 2066, 129 *L.Ed.*2d at 87. We are satisfied that, with respect to hazards in the vessel itself, *Howlett* left undisturbed the duty of a shipowner to exercise ordinary care to turn over a ship on which experienced workers may conduct their operations in

reasonable safety. *Id.* at —, 114 *S.Ct.* at 2063, 129 *L.Ed.*2d at 87.

■ As a general rule, when an experienced stevedore could have avoided a hazard, the shipowner will not be liable for injuries to the longshoreman. If, however, the shipowner reasonably should anticipate that workers may confront that hazard in the course of their duties, and its characteristics are such that neither the workers nor the stevedore could reasonably be expected to remedy or avoid it, the shipowner may be negligent in not eliminating the hazard. *Kirsch v. Plovidba,* 971 *F.*2d 1026, 1031 (3d Cir.1992) (holding that "shipowner may be negligent for failing to eliminate an obvious hazard that it could have eliminated, but only when it should have expected that an expert stevedore could not or would not avoid the hazard"); *see also Thomas v. Newton Int'l Enters.,* 42 *F.*3d 1266, 1269 (9th Cir.1994) (observing that vessel must be free of obvious but unreasonably dangerous hazards that would prevent expert and experienced workers from carrying on operations in reasonable safety).

Judgment affirmed.

*For affirmance*—Chief Justice WILENTZ, and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7.

*Opposed*—None.